# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| I.W., by and through his parents and next friends, Jeanna and Shane Wilcox, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-17-1131-M ) ) |
| INDEPENDENT SCHOOL DISTRICT NO. 10 OF WASHITA COUNTY, OKLAHOMA, ET AL., | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court are: (1) the Motion to Dismiss of Defendants Birdwell, Headrick, Mooney, Piercey, and Webb, Davis, Simmons, Hines, and Dixon ("Individual Defendants[1]"), filed November 8, 2017; (2) the Motion to Dismiss by Defendant the Estate of Ron Hughes ("Hughes"), filed December 8, 2017; and (3) the Partial Motion to Dismiss of Defendant, Independent School District No. 10 of Washita County, Oklahoma ("District"), filed November 8, 2017. Plaintiff timely submitted responses to all three motions, and all defendants timely submitted replies. Upon review of the parties' submissions, the Court makes its determination.

I. Background[2]

During the 2015-2016 academic year, plaintiff was a first-grade student attending Will Rogers Elementary School in Burns Flat, Oklahoma. On or around February 10, 2016, one of plaintiff's classmates, B.G., forcefully performed oral sex on plaintiff while they were both in the bathroom. Plaintiff thereafter alerted his teacher, who then alerted other school officials, including defendant Dixon (the school counselor), defendant Davis (the principal), and defendant Simmons

---

[1] Defendant Ron Hughes will be incorporated into the Individual Defendants, as referenced in this Order.
[2] All facts are taken from plaintiff's complaint and construed in the light most favorable to plaintiff.

(dean of students). The school then notified plaintiff's parents, who urged the school to separate the students, but defendant Simmons told them it was too late in the school year to do so. Later that day, plaintiff revealed to his parents that this was not the first time this had happened to him. Plaintiff revealed to them that B.G. had forcefully performed oral sex on him before—in addition to harassing and threatening plaintiff in other ways. Plaintiff's parents then alerted school officials and requested that plaintiff and B.G. be placed in separate classes. The school ultimately declined.

On or about April 4, 2016, plaintiff's father, Mr. Wilcox, attended a Burns Flat school board meeting to alert the school board about B.G., and about the school's inaction. The members of the school board were defendants Hughes, Birdwell, Headrick, Mooney[3], and Piercey. As Mr. Wilcox began speaking about the sexual incidents, he was stopped by defendant Headrick, and told that it was a law enforcement issue, rather than a school one. Moreover, after the meeting, defendant Hughes, the superintendent, rejected an offer to have a police unit train the school's employees regarding sexual assaults. Thereafter, plaintiff continued to experience discomfort around B.G., and missed some school because he was afraid to be around B.G.

Plaintiff then filed this action against all defendants on October 18, 2017, asserting various violations of state and federal law. Specifically, plaintiff asserts § 1983 claims against all defendants, and a state law negligence claim against the District.[4] All defendants have moved to dismiss these claims—essentially asserting that plaintiff's claims, as alleged, cannot support relief.

---

[3] Plaintiff admits that defendant Mooney was not in attendance at the April 4, 2016 board meeting.
[4] Plaintiff also asserts a violation of Title IX of the United States Education Amendments of 1972 against the District. The District, however, has not challenged that claim, and the Court will therefore not address that claim in this Order.

II. Discussion

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

A. Claim against Individual Defendants

Plaintiff asserts that all the Individual Defendants, in various ways, violated his substantive due process rights by creating or increasing his danger of being harassed or assaulted by B.G. In general, however, state actors may only be held liable under § 1983 for their own acts—not the acts of third parties. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.,* 489 U.S. 189, 197

(1989).  The "danger creation" exception to this rule applies only when "a state actor affirmatively acts to create, or increases a plaintiff's vulnerability to, or danger from private violence." *Currier v. Doran,* 242 F.3d 905, 923 (10th Cir. 2001).

To state a prima facie case, plaintiff must allege facts showing "that the charged state entity and the charged individual defendant actors created the danger or increased the plaintiff's vulnerability to the danger in some way." *Armijo v. Wagon Mound Pub. Sch.*, 159 F.3d 1253, 1263 (10th Cir. 1998).  In other words, "if the danger to the plaintiff existed prior to the state's intervention, then even if the state put the plaintiff back in that same danger, the state would not be liable because it could not have created a danger that already existed." *Id*.

Having carefully reviewed plaintiff's complaint and the submissions of both parties, and applying the principles established above, the Court finds that plaintiff has failed to state a § 1983 claim against any of the Individual Defendants.  Specifically, the Court finds that plaintiff has failed to allege that any of these defendants created or increased plaintiff's vulnerability to the danger.  Plaintiff essentially claims that these defendants were advised that plaintiff had been sexually assaulted, and—after realizing this—failed to act on this knowledge and remove plaintiff from the situation.  Notably, however, plaintiff does not allege facts that show any of these defendants took affirmative steps to create or increase plaintiff's danger.  Instead, plaintiff only alleges that these defendants placed him back in that same danger.  These allegations—while troubling—are insufficient to state a substantive due process claim under the danger creation theory.  Accordingly, the Court finds that plaintiff's § 1983 claim against the Individual Defendants (plaintiff's "Third Cause of Action") must be dismissed.

B. Claims against the District

  i. § 1983 Liability—Official Custom or Policy

Plaintiff asserts one § 1983 claim against the District, but under two distinct theories. The first of these will impose liability upon a school district if its discriminatory actions are either "representative of an official policy or custom" or "taken by an official with final policy making authority." *Murrell v. School Dist. No. 1*, 186 F.3d 1238, 1250 (10th Cir. 1999). To establish a § 1983 claim against a school district based on a custom or policy, a plaintiff must allege facts showing:

> (1) The existence of a continuing, persistent and widespread practice of unconstitutional misconduct by the school district's employees;
>
> (2) Deliberate indifference to or tacit approval of such misconduct by the school district's policymaking officials (board) after notice to the officials of that particular misconduct; and
>
> (3) That the plaintiff was injured by virtue of the unconstitutional acts pursuant to the board's custom and that the custom was the moving force behind the unconstitutional acts.

*Gates v. Unified Sch. Dist. No. 449 of Leavenworth Cty., Kan.,* 996 F.2d 1035, 1041 (10th Cir. 1993).

Having carefully reviewed plaintiff's complaint and the submissions of both parties, and applying the principles established above, the Court finds that plaintiff has failed to state a § 1983 claim against the District under this theory. Specifically, the Court finds that plaintiff fails to meet the first prong of this test—the requirement that the employees engaged in a widespread practice of unconstitutional misconduct. In arguing that the District employees engaged in widespread unconstitutional conduct toward plaintiff, plaintiff largely relies on the same allegations raised in support of his argument that the Individual Defendants created or increased plaintiff's danger. Yet, this Court has already found above that none of the Individual Defendants engaged in constitutional violations. Thus, the Court finds that plaintiff has pled insufficient allegations to

5

meet this test, and that he has therefore failed to state a § 1983 claim for relief against the District based on an unconstitutional custom or policy.

    ii.       § 1983 Liability—Failure to Train

Plaintiff also asserts that the District may be held liable under § 1983 for failing "to adequately train school employees or adopt or implement a policy to prevent sexual assaults like those against [the child]." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1238-39 (10th Cir. 1999). Under this theory, a plaintiff may state a claim for relief by alleging that a school district was deliberately indifferent to plaintiff's constitutional rights by failing to implement a policy to investigate complaints of sexual harassment. *See Najera v. Ind. Sch. Dist. of Stroud No. 1-54 of Lincoln Cty.*, 60 F.Supp.3d 1202 (W.D. Okla. 2014).

Having carefully reviewed plaintiff's complaint and the submissions of both parties, and applying the principles established above, the Court finds that plaintiff has alleged sufficient facts to state a § 1983 claim for relief for failure to train. Specifically, the Court finds that plaintiff has sufficiently alleged that the District failed to implement any policy to address sexual assaults; plaintiff indeed alleged that the District had no policy in place for preventing or investigating sexual assault and failed to develop one in response to plaintiff's reports. Accordingly, the Court finds that plaintiff has stated a sufficient § 1983 claim for relief against the District for its failure to train its employees.

    iii.      Negligence under State Law

The District claims that plaintiff failed to comply with the Governmental Tort Claims Act (GTCA) in serving it with notice of his tort claim. A plaintiff's failure to comply with the GTCA's statutory prerequisites deprives any court of jurisdiction to hear plaintiff's tort claims. *See State v. Dixon*, 1996 OK 15, 912 P.2d 842, 844. Under the GTCA, before initiating a lawsuit against a political subdivision, notice of the tort claim "shall be in writing and filed with the office of the

clerk of the governing body." 51 Okla. Stat. § 156(D). A plaintiff must allege either "actual or substantial compliance" with this notice requirement. *Wilborn v. City of Tulsa*, 1986 OK 44, 721 P.2d 803, 805.

The Oklahoma Supreme Court has counseled against a "hyper-technical application of the [GTCA]," instead encouraging "a more reasoned approach sounding in equity." *McWilliams v. Board of Cty. Com'rs of Comanche*, 2011 OK 103, 268 P.3d 79, 85. Notably, the GTCA "does not require that a claim be specifically addressed to the office of the clerk of the governing body, however prudent that might be." *Ford v. Tulsa Pub. Sch.,* 2017 OK CIV APP 55, 405 P.3d 142, 147. Moreover, notice of the tort claim is valid if ultimately forwarded to the clerk of the political subdivision—even if originally sent elsewhere. *See Younger v. City of Muskogee*, No. CIV-16-104, 2016 WL 6768946 (E.D. Okla. November 15, 2016).

Having carefully reviewed plaintiff's complaint and the submissions of both parties, and applying the principles established above, the Court finds that plaintiff's tort claim should not be dismissed. The District asserts that because plaintiff did not address the notice specifically to the clerk—instead addressing the tort claim to defendant Hughes—he failed to meet the GTCA's requirements. Yet, as mentioned, Oklahoma law does not specifically require that the claim be addressed to the clerk of the governing body—it requires the claim to be ultimately filed with the clerk. The Court finds that, by pleading that notice of the tort claim was served on defendant Hughes, plaintiff has pled substantial compliance with the GTCA's notice provision, and that the parties should be permitted to conduct discovery on this issue to determine if notice of the tort claim was ultimately forwarded to the District's clerk. Accordingly, the Court finds that plaintiff's negligence claim should not be dismissed.

III. Conclusion

For the reasons set forth above, the Court GRANTS (1) the Motion to Dismiss of Defendants Birdwell, Headrick, Mooney, Piercey, and Webb, Davis, Simmons, Hines, and Dixon [doc. no. 20] and (2) the Motion to Dismiss by Defendant the Estate of Ron Hughes [docket no. 29]. All the Individual Defendants are hereby dismissed. The Court further GRANTS in part and DENIES in part the Partial Motion to Dismiss of Defendant, Independent School District No. 10 of Washita County, Oklahoma [doc. no. 21]. Specifically, the Court dismisses plaintiff's § 1983 claim against the district based on an unconstitutional custom or policy, but plaintiff's failure to train and state law negligence claims against the District may proceed.

**IT IS SO ORDERED this 11th day of September, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE