# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **I.W., by and through his parents and** | ) | |
| **next friends, Jeanna and Shane Wilcox** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **-vs-** | ) | **CIV-17-1131-PRW** |
| | ) | |
| | ) | |
| **Independent School District No. 10 of Washita** | ) | |
| **County, Oklahoma, et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT'S MOTION TO LEAVE
## TO FILE ANSWER OUT OF TIME AND BRIEF

Comes now Defendant, Independent School District No. 10 of Washita County, Oklahoma ("District"), and pursuant to Fed. R. Civ.Proc. 6(b)(1)(B) respectfully moves for leave to file an Answer out of time. In support, Defendant would show the following:

### FACTS

1.     On October 18, 2017, Plaintiff filed suit against eleven (11) Defendants in the United States District Court for the Western District of Oklahoma, alleging that District and a number of its current and former employees and board members were negligent and violated the minor Plaintiff's constitutional rights. [Doc. No. 1, Complaint].

2.     On November 8, 2017, District and Individual Defendants both filed Motions to Dismiss Plaintiff's claims. [Doc. Nos. 20 & 21, Motions to Dismiss].

\\CFEL-DATA\Cases\Burns-Flat\Wilcox\Pldgs\Def Mtn to Leave.wpd

3.     On September 11, 2018, this Court granted Individual Defendants' Motion to Dismiss in its entirety and partially granted District's Motion to Dismiss. [Doc. No. 39, Order].

4.     On November 20, 2018 this case was reassigned from Judge Miles LaGrange to Judge Heaton [Doc. No. 43, Order]. On January 6, 2019, the case was transferred to the Honorable Judge Friot.

5.     On December 12, 2018 defense counsel Tony Childers filed a Motion to Withdraw because he left the law firm of Defendants' counsel [Doc. No. 41, Motion to Withdraw]. The Court granted Defendant's Motion to Withdraw on December 20, 2018 [Doc. No. 42, Order].

6.     On January 22, 2019 counsel Laura L. Holmgren-Ganz entered her appearance on behalf of Defendants [Doc. No. 47, Entry of Appearance].

7.     On January 15, 2019 the Court entered an Amended Scheduling Order with a dispositive motion deadline of July 1, 2019, discovery deadline of September 15, 2019, and a November 5, 2019 trial docket. [Doc. No. 45, Amend. Sched. Order].

8.     On April 19, 2019 this case was reassigned to Judge Wyrick. [Doc. No. 50, Order].

9.     Counsel neglected to docket a deadline for filing an Answer during the time that Defendants' Motion to Dismiss was pending, and neglected to do so after the Court ruled on September 11, 2018. [Doc. No. 39, Order].   Counsel acknowledges that it should have

determined that an Answer was due in response to the allegations not dismissed by the Court, and that its failure to do so was an inadvertent oversight, mistakenly believing the Answer was filed many months before at the time the Motion to Dismiss was filed.

10.     Counsel contacted Plaintiff's counsel regarding filing its Answer out of time and Plaintiff does not object.

11.     An extension of time to file District's Answer by April 24, 2019 will not disturb any pending deadlines and should have no impact on the ultimate length of litigation.

## ARGUMENT AND AUTHORITY

Rule 6(b) of the Federal Rules of Civil Procedure provides that a court may, for good cause, extend the time to file a pleading after the time has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 16(b)(1)(B). The Tenth Circuit in the *United States v. Torres,* 372 F.3d 1159, 1162 (10th Cir. 2004), noted the Supreme court's definition of excusable neglect as set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Under Rule 6(b) excusable neglect includes both "faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer,* 507 U.S. at 388. As such, a court may grant a motion to file out of time pursuant to Rule 6(b) when the late filing is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Id.*

The Supreme Court explained that a court should consider 1) the danger of prejudice to the nonmoving party, 2) the length of the delay and its potential impact on judicial

proceedings, 3) the reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith, when determining whether leave for additional time should be granted. *Torres,* 372 F.3d at 1162 (quoting *Pioneer,* 507 U.S. at 395).

Counsel's failure to timely answer was the result of an inadvertent oversight. As soon as defense counsel realized that District had not filed an Answer, they contacted Plaintiff's counsel and apprised him of the issue.  That District has not filed an Answer not have a significant impact on the ultimate length of litigation and will not disturb any pending deadlines. Further, there is no demonstrable prejudice to Plaintiff on account of the request. Plaintiff has already sought and received an extension of time to respond to Defendants' motions to dismiss. There is no evidence that counsel for Defendants has acted in anything other than good faith.

Wherefore, premises considered, and balancing the equities, Defendant, Independent School District No. 10 of Washita County, Oklahoma ("District"), respectfully moves this Court for leave to file an Answer on or before Wednesday, April 24, 2019.

S/Laura L. Holmgren-Ganz
F. Andrew Fugitt, OBA #10302
Laura L. Holmgren-Ganz, OBA #12342
Attorneys For Defendants
The Center For Education Law, P.C.
900 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 528-2800

Facsimile:  (405) 528-5800
E-mail: AFugitt@cfel.com
E-mail: LGanz@cfel.com


### Certificate of Service

I hereby certify that on April 19, 2019, I filed the attached document with the Clerk of Court.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.


S/Laura L. Holmgren-Ganz
Laura L. Holmgren-Ganz